**IT IS ORDERED as set forth below:**

**Date: February 14, 2020**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 19-65022-JWC |
| CHADRUS LEQUARDRA BROWN, | CHAPTER 7 |
| Debtor. | |

## ORDER

**THIS MATTER** is before the Court on the Request for Dismissal (the "Request for Dismissal") (Doc. No. 23) filed by S. Gregory Hays in his capacity as Chapter 7 Trustee ("Trustee"), Debtor's Application for Waiver of Chapter 7 Filing Fee (the "Fee Waiver Application") (Doc. No. 3), and Debtor's Motion to Extend Time to File Schedules (the "Application to Extend") (Doc. No. 10). For the reasons stated below, the Request for Dismissal is granted, and the Fee Waiver Application and Application to Extend are denied.

Debtor initiated this chapter 7 case on September 20, 2019 by filing a voluntary petition for **non-individuals** filing for bankruptcy (Doc. No. 1). In the petition, Debtor identified itself as

1

a trust. The same day, Debtor filed the Fee Waiver Application seeking waiver of the chapter 7 filing fee and stating that Debtor was incarcerated and had no income. The Court entered an order on September 27, 2019 requiring Debtor to supplement the petition with the schedules and documents necessary to evaluate the Fee Waiver Application (Doc. No. 6). Debtor filed the Application to Extend on October 7, 2019.

The Court held a hearing on the Application to Extend and the Fee Waiver Application on December 18, 2019 (the "Hearing"), primarily to determine whether Debtor was eligible for a waiver of the chapter 7 filing fee. Chadrus Brown appeared telephonically at the Hearing, and there was no appearance by the Trustee or any other party in interest. Chadrus Brown indicated at the Hearing that his motive in filing this case was for this Court to remove him from prison. A bankruptcy court, however, has "no conceivable interest" in enjoining enforcement of criminal statutes and related prison sentences resulting therefrom. *See Barnette v. Evans*, 673 F.2d 1250, 1253 (11th Cir. 1982). Thus, this Court has no power to release Chadrus Brown from his imprisonment. Unable to grant the primary relief sought in this case, the Court finds sufficient grounds to dismiss this bankruptcy case based on the record before it and Chadrus Brown's representations to the Court at the Hearing.

    a. **Dismissal under 11 U.S.C. § 707(a).**

        1. <u>Debtor failed to appear at the § 341 meeting of creditors.</u>

The Trustee requests dismissal of this case as a result of Debtor's failure to attend three separately scheduled 341 meetings. A chapter 7 case may be dismissed for cause, including "unreasonable delay by the debtor that is prejudicial to creditors[.]" 11 U.S.C. § 707(a). Courts have found that failure to attend a duly noticed and scheduled meeting of creditors pursuant to 11

2

U.S.C. § 341 is cause for dismissal.[1] *See, e.g., In re Rust*, 1 B.R. 656 (Bankr. M.D. Tenn. 1979) (holding that debtor's failure to appear at 341 meeting constituted grounds for dismissal without prejudice); *In re Bresler*, 119 B.R. 400 (Bankr. E.D.N.Y. 1990) (finding that debtor's repeated failure to attend 341 meeting and file schedules was grounds for dismissal). Furthermore, pursuant to this Court's General Order 2-2005, a debtor's failure to appear at a duly noticed and scheduled 341 meeting is grounds for dismissal of a chapter 7 case. The record reflects that Debtor failed to appear at three consecutive duly noticed and scheduled 341 meetings.

Debtor's first meeting of creditors was scheduled for October 29, 2019. Pursuant to the Certificate of Service filed on September 27, 2019, notice of Debtor's first 341 meeting was served on Debtor at Debtor's address of record via first class mail (Doc. No. 7). Debtor failed to appear at his first scheduled 341 meeting, and the meeting was rescheduled for November 19, 2019, with notice thereof sent to Debtor's address of record via first class mail (Doc. No. 12). The Trustee requested dismissal of Debtor's case after Debtor failed to appear at the rescheduled 341 meeting. Debtor's case was dismissed in error on November 21, 2019 but reinstated the same day (Doc. Nos. 16 and 17). The United States Trustee rescheduled Debtor's 341 meeting for December 17, 2019, with notice thereof sent to Debtor's address of record via first class mail (Doc. Nos. 19 and 20). Debtor failed to appear at this third 341 meeting, and the Trustee again requested dismissal of this case for Debtor's failure to appear.

A debtor petitioning this Court for relief under the Bankruptcy Code must comply with certain duties, such as "filing appropriate statements and schedules, appearing at the meeting of creditors, and cooperating with the case trustee and the United States Trustee regarding the

---

[1] All statutory references contained herein are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise stated.

administration of the bankruptcy estate." *In re Michael*, 285 B.R. 553, 556 (Bankr. S.D. Ga. 2002). Section 343(a) of the Bankruptcy Code provides that a "debtor *shall appear* and submit to examination under oath at the meeting of creditors under section 341(a) of this title." 11 U.S.C. § 343(a) (emphasis added). Bankruptcy Rule 2003(a) provides that "[t]he [341] meeting may be held at a regular place for holding court or at any other place designated by the United States trustee within the district convenient for the parties in interest." Fed. R. Bankr. P. 2003(a). Neither § 343 nor Bankruptcy Rule 2003 specifically provide the United States Trustee or the bankruptcy court the authority to waive the requirement that a debtor appear and submit to examination under oath at the 341 meeting. *In re Michael*, 285 B.R. at 556 (citing *In re Sochia*, 231 B.R. 158, 161 (Bankr. W.D.N.Y. 1999)). As a result, some courts disallow any exceptions to a debtor's mandatory attendance at 341 meetings. *See In re Chandler*, 66 B.R. 334, 335-36 (N.D. Ga. 1986) (citing *In re Import Toy Sales*, 41 B.R. 784, 785 (Bankr.S.D.Fla.1984); *In re Martin*, 12 B.R. 319, 320 (Bankr.S.D.Ala.1981)).

Other courts have found limited exceptions for a debtor's personal appearance at a 341 meeting in certain circumstances when requested by the debtor. *See In re Chandler,* 66 B.R. at 335-36 (listing examples of debtors being allowed to complete their 341 meetings without appearing in person "where a good and sufficient reason is given"); *see also In re Carstarphen*, No. 02-43450, 2003 WL 26119291, at *1 (Bankr. S.D. Ga. June 16, 2003) (same); *In re Vilt*, 56 B.R. 723 (Bankr. N.D. Ill. 1986) (questioning mandatory attendance at 341 meeting while mandatory attendance at discharge hearings under § 524(d) is often waived). Examples of scenarios meriting waiver of the 341 attendance requirement include a debtor confined by physical illness or a debtor stationed outside of the country on military or religious duty. *In re Vilt*, 56 B.R. 723 (citing *In re Sullivan*, 30 B.R. 781 (Bankr. E.D. Pa. 1983); *In re Stewart*, 14 B.R. 959 (Bankr.

4

N.D. Ohio 1981)). Previous courts, however, have declined to waive a debtor's attendance at a 341 meeting simply because of a debtor's incarceration. *See, e.g., In re Michael*, 285 B.R. 553 (denying prisoner/debtor's motion to reconsider dismissal after case dismissed following order denying prisoner/debtor's telephonic appearance at 341 meeting where debtor showed no reasons beyond incarceration to waive attendance requirement). The record in this case does not show that Debtor requested relief to be excused from a personal appearance at any of the three scheduled 341 meetings. Because Debtor failed to request relief from the attendance requirement or establish any special circumstances beyond his confinement meriting a waiver, the Court declines to waive Debtor's required attendance, and Debtor's failure to attend the 341 meetings constitutes grounds for dismissal of this case.

    2.   <u>Debtor's status as a purported trust renders it ineligible for bankruptcy.</u>

Even if Debtor were to request relief to attend the 341 meeting telephonically, the Court would be unlikely to grant such relief because Debtor, as a purported trust, is ineligible to be a debtor in this Court and because Chadrus Brown, a non-attorney, cannot represent a purported trust in federal court. Chadrus Brown represented to the Court at the Hearing that Debtor is a trust, and he serves as its trustee. This presents two problems. First, under the Bankruptcy Code, a trust is not an eligible debtor in bankruptcy. "[O]nly a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." 11 U.S.C. § 109(a). A "person" is defined to include an individual, partnership, or corporation, 11 U.S.C. § 101(41), and does not include a trust other than a business trust. *See In re Darren Buckner Living Tr.*, No. 12-70036-MHM, 2012 Bankr. LEXIS 5050, at *1-2 (Bankr. N.D. Ga. Oct. 5, 2012) ("A non-business trust is not eligible to be a debtor under Chapter 7."); *see also Shawmut Bank Conn. v. First Fidelity Bank (In re Secured Equip. Trust of Eastern Airlines)*, 38 F.3d 86, 32

5

C.B.C.2d 1069 (2d Cir. 1994) (discussing attributes of a business trust); *Hunt v. TRC Properties (In re Hunt)*, 30 C.B.C.2d 139, 160 B.R. 131 (B.A.P. 9th Cir. 1993); *In re Pace Trustee of Pace Irrevocable Trust*, 376 B.R. 334 (Bankr. M.D. Fla 2007). Chadrus Brown provided no argument or evidence establishing that Debtor is a business trust under any existing law.

The second problem arising from Debtor's status as a purported trust is that a trust must be represented in federal court by an attorney. *Hays v. Hamblen Family Irrevocable Tr. (In re Hamblen)*, 360 B.R. 362, 365 (Bankr. N.D. Ga. 2006). *See also Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null"); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a nonlawyer could not appear *pro se* on behalf of trust). Chadrus Brown stated at the Hearing that (i) he is not an attorney, and (ii) he was appearing as trustee to represent the trust. Thus, as the Court informed Chadrus Brown at the Hearing, Debtor is not eligible to be a debtor in bankruptcy, and even if it were, Chadrus Brown could not represent Debtor as a trust in this case.

Chadrus Brown stated at the Hearing that Debtor could not afford an attorney and requested that the Court appoint one. The Court declines to do so. "Generally, a civil litigant has no constitutional right to the appointment of counsel." *In re Fitzgerald*, 167 B.R. 689, 691 (Bankr. N.D. Ga. 1994) (citing *Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987)). "An indigent has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Id.* (citing *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159–2160, 68 L.Ed.2d 640, *reh. denied*, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981)). As a purported trust, Debtor's freedom or physical liberty is not affected by these bankruptcy proceedings. Mr. Brown's current incarceration under a life

6

sentence does not result from anything occurring in or related to this bankruptcy proceeding. In addition, "[t]here is no constitutional right to obtain a discharge in bankruptcy, and bankruptcy is not a fundamental right." *Id.* (citing *United States v. Kras*, 409 U.S. 434, 445, 93 S.Ct. 631, 635, 34 L.Ed.2d 626 (1973)).[2]

Even if 28 U.S.C. § 1915(e), which empowers a district court to appoint counsel to an indigent, applies in bankruptcy proceedings,[3] "[a]ppointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "In determining whether to appoint counsel, the [] court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Court-appointed counsel in a civil case "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler*, 899 F.2d at 1096.

Debtor has not presented, and the Court does not find, any exceptional circumstances to justify appointment of counsel in this case. Other than Debtor's status as a purported trust, Chadrus Brown's status as an inmate subject to a life sentence, and their combined inability to pay counsel, nothing about this chapter 7 bankruptcy case is novel, complex, or otherwise remarkable. And no matter the skill or training, no attorney could guide a debtor ineligible for bankruptcy to a discharge prohibited by the Bankruptcy Code. Having thus considered the merits of Debtor's case—

---

[2] Even if an *individual* were to have a constitutional right to discharge, Debtor's status as a purported trust renders it ineligible for such relief. *See* 11 U.S.C. § 727(a)(1) ("The court shall grant the debtor a discharge, unless—(1) the debtor is not an individual[.]").

[3] *See In re Fitzgerald*, 167 B.R. at 691-92, questioning whether 28 U.S.C. § 1915(e) (formerly § 1915(d)) applies in bankruptcy proceedings.

7

including that Debtor is ineligible to be a debtor in bankruptcy—the Court declines to appoint counsel. Debtor's ineligibility and lack of proper counsel constitute additional grounds for dismissal of this bankruptcy case.

### b. The Fee Waiver Application and Application to Extend.

Debtor's status as a purported trust also renders it ineligible for waiver of the chapter 7 filing fee. Bankruptcy fees are governed by 28 U.S.C. § 1930, which allows for the waiver of the filing fee in certain circumstances. To qualify, a debtor must be an individual. *See* 28 U.S.C. § 1930(f) ("[T]he bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an *individual* if the court determines that such *individual* has income less than 150 percent of the income official poverty line . . . and is unable to pay that fee in installments.") (emphasis added). "Individual refers to natural persons both in plain meaning and in the context of other sections of the Bankruptcy Code." *In re JAC Family Found.*, 356 B.R. 554, 557 (Bankr. N.D. Ga. 2006). As Debtor purports to be a trust and not an individual, Debtor is not eligible for waiver of the case filing fee, and the Fee Waiver Application is denied.

Debtor has filed the outstanding documents for which an extension was requested. Accordingly, and because this Order dismisses this case, the Application to Extend is denied as moot.

### c. Conclusion.

For the reasons set forth above, it is

**ORDERED** that the Request for Dismissal is **GRANTED**. It is further

**ORDERED** that this bankruptcy case is hereby **DISMISSED**. It is further

**ORDERED** that the Fee Waiver Application is **DENIED**. It is further

**ORDERED** that the Application to Extend is **DENIED** as moot.

The Clerk's Office is directed to serve a copy of this Order upon Debtor, the Chapter 7 Trustee, and the U.S. Trustee.

**END OF DOCUMENT**